## No. 3355 and 3088.

### PATRICK HIGGINS v. C. C. HALEY.

The plaintiff moved for a new trial in the court below on the ground that, during the recess of the court, the jury was illegally and improperly influenced by the defendant and his accomplices to render a verdict in favor of said defendant, notwithstanding the judge had warned the jury that they were to hold no conversation with any person upon the merits of the case before them. On the trial of this motion, plaintiff attempted to prove his allegations by witnesses, which he was not permitted to do. The judge a quo erred in refusing to hear the testimony offered.

APPEAL from the Fifth District Court, parish of Orleans. *Leaumont,* J. Jury trial. *Hays & New,* for plaintiff and appellant. *H. C. Miller* and *John Livingston,* for defendant and appellee.

MORGAN, J. These two different records form in reality but one case. Plaintiff moved the court for a new trial on the ground that on the day of trial, after the court had adjourned at three o'clock to meet at six o'clock of the same day, notwithstanding the judge warned the jury that they were to hold no conversation with any person upon the merits of the case before them, a portion of the jury did hold conversation with the defendant, and with his agents and instruments upon the merits of the cause, and were illegally and improperly influenced by the defendant and his agents and accomplices to render a verdict in favor of the defendant; that improper influences were brought to bear upon the jury, or a portion thereof, during the said recess; and he swore that he had received this information from one Daniel Haley; all of which he offered to prove by witnesses, and all of which he was prohibited from doing by the court.

The judge erred. His admonitions were to be obeyed. If it was a fact that the jury were guilty of misconduct, and that their verdict

was improperly obtained, it should have been set aside, and this was a fact which the plaintiff had a right to establish by evidence.

It is therefore ordered, adjudged and decreed that the judgments in these consolidated cases be avoided, annulled and reversed, and that they be remanded to be tried *de novo*, appellees to pay costs of appeal.

## ON REHEARING.

MORGAN, J. In our former judgment we ordered the case to be remanded to be tried *de novo*. This was wrong.

Plaintiff in the court below moved for a new trial on the ground that the jury had been improperly influenced. On the trial of his motion he offered to prove the fact alleged by witnesses. The court refused to hear them, and he reserved his bill. The district judge erred. Plaintiff should have been heard. As the case now stands before us, we can only pass upon the correctness of the ruling of the judge with regard to his refusal to hear testimony as to the improper conduct of the jury.

It is therefore ordered, adjudged and decreed that our former judgment be set aside; and it is further ordered, adjudged and decreed that the judgment of the district court be avoided, annulled and reversed and the case remanded, and that the district judge be instructed to hear the testimony offered by plaintiff on his motion for a new trial, the costs of appeal to be paid by defendant.